UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JENNIFER OETZEL
8926 Littleton Street
Fairfax, VA 22032.

             Plaintiff,          Case No.

v.                        **JURY TRIAL DEMANDED**

AMERICAN UNIVERSITY,
4400 Massachusetts Avenue, NW
Washington, DC 20016

             Defendant.

---

# COMPLAINT

Plaintiff Jennifer Oetzel ("Plaintiff" or "Professor Oetzel"), by and through her undersigned counsel, bring this action sounding in violations of the Equal Pay Act of 1963, 29 U.S.C. § 291(d) (the "EPA") and the D.C. Human Rights Act of 1977, Title 2, Chapter 14 of the D.C. Code (the "DCHRA"), against Defendant American University ("Defendant" or the "University"), and for her Complaint state as follows:

## PARTIES

1. Professor Oetzel is a female individual currently residing at the above-captioned address. Plaintiff is a covered employee within the meaning of the Act.

2. Defendant American University ("Defendant" or the "University") is a private educational institution with a principal place of business at the above captioned address. Defendant is an "employer" under the Equal Pay Act and the D.C. Human Rights Act and Defendant employed more than fifteen (15) employees at all times relevant hereto.

## JURISDICTION

3. This Court has jurisdiction and venue over the federal claim asserted herein pursuant to 28 U.S.C. § 1331 as this case involves questions of federal law.

4. This Court has supplemental jurisdiction over Plaintiff's related state law claim pursuant to 29 U.S.C. § 1367(a) because that claim forms part of the same case or controversy under Article III of the United States Constitution and because the events that underlie Plaintiff's state law claim took place in the District of Columbia.

5. Plaintiff's state law claim shares all common operative facts with her federal claim, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of juridical economy, convenience, consistency and fairness to the parties.

6. Venue is proper in this District, and Defendant is subject to the personal jurisdiction of this Court, because Defendant maintains its principal place of business in this District, and all or most of the events giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

### Plaintiff's Work at the University

7. Plaintiff received her PhD in Business Strategy from the University of North Carolina at Chapel Hill in May 2002.

8. Plaintiff worked for Defendant as an Assistant Professor in the American University Kogod School of Business (the "Kogod School" or the "Business School") from 2002 to 2008. From 2002 to 2006, Plaintiff was awarded a Kogod Endowed Fellowship.

9. Plaintiff became an Associate Professor, with tenure, in the Business School in June 2008 and continued in that position until June 2017. During this time, Plaintiff received several awards/recognitions for her work at the University.

10. Plaintiff was awarded the Kogod School of Business Faculty Award for Outstanding Service in 2016.

11. Plaintiff was awarded the Kogod School of Business Faculty Research Award for Outstanding Service in 2011, 2012, 2014 and 2016.

12. Plaintiff held the prestigious Kogod International Business Professorship from September 2012 through August 2018.

13. Plaintiff became a Full Professor, with tenure, in the Business School in July 2017. Plaintiff was awarded a Dean's Faculty Fellowship for 2018-2019.

14. Since July 2017 Plaintiff has been a Full Professor, with tenure, in the Business School's Department of Management.

15. Plaintiff's current salary is $189,000.

16. Professor Oetzel's H-index is 16.[1] Her Google Scholar index is 44.[2] She has 21 refereed journal articles, 6 invited articles/commentaries and published proceedings, five book chapters, two articles under review and one article in progress. Plaintiff has 2,218 citations to her work. Professor Oetzel has a four-course teaching load per year and her teaching evaluations are above the Management Department and Business School averages. She teaches courses at the

---

[1] An "h-index" is an author-level metric that measures both the productivity and citation impact of the publications of a scientist or scholar. The h-index correlates with obvious success indicators such as winning the Nobel Prize, being accepted for research fellowships and holding positions at top universities. The index is based on the set of the scholar's most cited papers and the number of citations that they have received in other publications.

[2] While most academic databases and search engines allow users to select one factor (e.g., relevance, citation counts, or publication date) to rank results, Google Scholar ranks results with a combined ranking algorithm in a way researchers do, weighing the full text of each article, the author, the publication in which the article appears, and how often the piece has been cited in other scholarly literature. Research has shown that Google Scholar puts high weight especially on citation counts and words included in a document's title. In searches by author or year, the number of citations is highly determinant, whereas in keyword searches the number of citations is probably the factor with the most weight, but other factors also participate.

graduate and undergraduate levels. In terms of service, since she started in the Kogod School, she has undertaken a substantial service load; one that has been above average for the Business School. During the tenure track, she had an unusually large service burden that was noted by external reviewers at the time.

17. Plaintiff has served as an Editorial Board Member of, among other journals, the *Strategic Management Journal* (since July 2013), the *Journal of International Business Studies* (from 2014 to the present), and the *Journal of International Business Policy* (from 2017 to the present).

## Plaintiff's Comparators

18. Plaintiff has identified at least one suitable male comparator -- Asad Kausar, an Associate Professor in the Business School. Professor Kausar's work is "equal" to Plaintiff's work at the Business School in that his work requires equal skill, effort and responsibility and is performed under similar working conditions to Plaintiff's work. As of his hiring in May 2018, Professor Kausar, an *associate professor*, was paid a salary of $225,000, approximately $40,000 more than Plaintiff's *current* salary as a *full* professor. Professor Kausar's H-index is 14. Professor Kausar's Google Scholar Index is 14. Professor Kausar has 1,064 citations to his work. Professor Kausar teaches four classes per year.

19. Plaintiff identified several additional male comparators during the course of the University's investigation into her allegations of unequal pay (discussed below) – including Associate Professor Augustine Duru (H-index 15, Google Scholar Index 44, and 2,182 citations). The University did not deny that these other male professors were paid more than Plaintiff; rather, the University asserted that "it was difficult to determine who a true comparator might be" and then asserted that the male individuals identified by Plaintiff were not good comparators.

Plaintiff Raises Her Concerns

20. Plaintiff has, since April 2019, sought a salary adjustment to reflect her high level of performance and the salary level for other high performing full professors in Kogod, as well as the salaries for Strategy Professors as reported by the Association to Advance Collegiate Schools of Business ("AACSB"). The fact that Professor Oetzel is significantly underpaid is not disputed by the University or the School. The Dean of the Business School, John Delaney, has acknowledged in conversations with Plaintiff that she is underpaid as compared to similarly situated faculty in Kogod, and that her salary is significantly lower than comparable salaries reported by AACSB. Dean Delaney went so far as to acknowledge that Plaintiff is underpaid by tens of thousands of dollars.

21. Dean Delaney informed Plaintiff during an August 2019 discussion about her salary that Defendant had no formal policy regarding faculty salary adjustments in the Business School because it provided the Dean with more flexibility when deciding whether or not to increase a faculty member's compensation.

22. Plaintiff again raised the issue of her salary differential and her desire to be paid a wage equal to male comparators in August 2019 (in an email to Daniel J. Myers, the University's Provost and Chief Academic Officer), in September 2019 (in a memorandum to Provost Myers), in October 2019 (in a memorandum to Provost Myers and Deputy Provost Mary Clark), in January 2020 (in a letter from counsel to Traevena Byrd, American's General Counsel) and in March 2020 (in a letter to Beth Muha, Assistant Vice President for Human Resources).

23. Defendant ultimately "investigated" Plaintiff's concerns and found, in a report dated December 11, 2020, that Plaintiff had not established "by a preponderance on the evidence" that she was unfairly/illegally paid less than relevant male counterparts.

## COUNT I
### Violation of EPA

24. Plaintiff incorporates and re-alleges the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

25. As noted above, Plaintiff has been discriminated against on the basis of sex in her pay. At all times relevant hereto, Plaintiff is/was doing substantially equal work on a job, the performance of which required substantially equal skill, effort, and responsibility as jobs held by members of the opposite sex (identified above). Although the job was performed under similar working conditions Plaintiff was paid at a lower wage than members of the opposite sex doing equal work.

26. The difference in pay Plaintiff received, as compared to her male counterparts, was not pursuant to a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or a differential based on any other factor other than sex.

27. Defendant's actions vis-à-vis Plaintiff have been willful and in reckless disregard for the rights of Plaintiff. Defendant either knew, or showed reckless disregard for, the matter of whether its conduct vis-à-vis Plaintiff was prohibited by the EPA or other statute.

28. As noted above, over several years, Plaintiff complained to Defendant's decision-makers about discrepancies between her salary and the salaries of male professors. As further noted above, the responses Plaintiff received indicated an awareness on the part of Defendant's administration that Plaintiff's salary level was below that of comparable male professors. Nonetheless, Defendant continued to pay Plaintiff less than comparable male professors.

## COUNT II
### Violation of DCHRA

29. Plaintiff incorporates and re-alleges the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

30. In order to properly state an unequal pay claim under the DCHRA, a plaintiff must allege that the employer paid men and women unequally "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *See Howard Univ. v. Best*, 484 A.2d 958, 984 (D.C. 1984). Claims under the DCHRA are governed by the same standards as claims under the EPA. *See id.*

31. As noted above, Professor Oetzel is a member of a protected class under the DCHRA – namely, she is a female.

32. As noted above, Professor Oetzel was unlawfully paid less than male comparators for substantially equal work in substantially equal jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.

33. As noted above, Defendant has discriminated against Plaintiff on the basis of her gender.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor against Defendant and award damages as follows:

    a.    compensatory and economic damages including, but not limited to, lost wages, back-pay, front-pay, bonuses and benefits in an amount to be determined at trial;

    b.    punitive damages;

    c.    liquidated damages;

    d.    attorneys' fees, costs, and disbursements; and

    e.    such further relief as this Court deems proper.

Dated:  March 17, 2021	Respectfully submitted,

**EHRENBERG LEGAL & HIGHER ED SOLUTIONS PLLC**

Attorneys for Plaintiff

*//s// Jason H. Ehrenberg*
_____
Jason H. Ehrenberg, Esq. (DC # 469077)
5335 Wisconsin Ave. NW, Suite 440
Washington, DC 20015
T: (202) 617-2590
F: (202) 217-4345
E:  jason@ehrenberglegal.com
www.ehrenberglegal.com